IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| JACQUELINE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| REPUBLIC FORD, INC, ) | Division __ |
| Serve: Robert D. Biene, registered agent ) | |
| 1740 U.S. Highway 60 E ) | |
| P.O. Box 700 ) | |
| Republic, Missouri 65738 ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S CLASS ACTION PETITION**

Plaintiff Jacqueline Wilson, by and through her attorneys A. Scott Waddell of the Waddell Law Firm LLC, Jack McInnes of McInnes Law LLC, and David M. Bryan of the Consumer Justice Center, LLC, for her Class Action Petition against Defendant Republic Ford, Inc, states as follows:

**INTRODUCTION**

1. This case is about: (a) Defendant's fraudulent, deceptive and unfair business practice of telling Missouri consumers that expensive financial products such as motor vehicle extended service contracts ("MVESC" and/or "MVESCs") and gap insurance must be purchased in order to purchase, obtain and/or finance automobiles; and, (b) Defendant's marketing and profiting off the MVESCs that for large portions of the duration of those MVESCs provide little to no material benefit to the consumer and tremendous profit margins to the Defendant.

2. Specifically, lenders cannot require Missouri consumers to buy MVESCs and/or gap insurance.

3. Further, most if not all MVESCs exclude coverage during periods when a vehicle's manufacturer's factory warranty remains in place.

**Exhibit A**

...

## PARTIES

4. Plaintiff Jacqueline Wilson is a resident of the State of Missouri and a "consumer" as defined in RSMo. § 385.200(3).

3. Defendant Republic Ford, Inc. ("Republic") is a Missouri corporation doing business as a car dealership with its principal place of business at 1740 U.S. Highway 60 E, Republic, Missouri 65738. Defendant can be served through its registered agent Robert D. Biene, who is located at the same address.

4. Republic is a "business entity" as defined in RSMo. §385.200(2) and conducts its business in the State of Missouri as a "Dealer" pursuant to RSMo. § 385.200(3).

## JURISDICTION AND VENUE

5. Jurisdiction and venue in Springfield, Greene County, Missouri are proper because Plaintiff is a resident of Missouri and purchased the subject motor vehicle and extended services contract from Defendant in Greene County, Missouri.

## STATEMENT OF FACTS

6. Defendant and/or its parent company owns and operates dealerships throughout Missouri.

7. Defendant systematically takes advantages of its customers by requiring car buyers to purchase expensive and unnecessary MVESCs and/or gap insurance.

8. On June 26, 2018, Plaintiff purchased a 2018 Ford Fiesta sedan, VIN 3FADP4BJ1JM124874 (the "Fiesta"), from Defendant for a purchase price of $17,556.00.

9. In connection with her purchase of the Fiesta, Defendant required Plaintiff to purchase a Missouri MVESC issued by IAS Warranty Services of Florida, d/b/a "Millennium," for an additional $2,000.00.

10. Defendant conditioned Plaintiff's financing and purchase of the Fiesta upon an additional purchase of the MVESC. In other words, Defendant would only approve the sale of the Fiesta if Plaintiff also purchased the MVESC.

11. When Plaintiff objected, Defendant's employee and/or agent stated that the aforementioned was company policy.

12. MVESCs like Defendant's are regulated by the Missouri Department of Insurance.

13. Dealers like Republic must abide by RSMo. §§ 385.200 to 385.220.

14. RSMo. § 385.208(4) expressly states that:

*A person, such as a bank, savings and loan association, lending institution, manufacturer or seller of any product, shall not require the purchase of a service contract as a condition of a loan or a condition for the sale of any property. A violation of this subsection is a level one violation under section 374.049.*

15. Based on estimated car sales, Defendant sold hundreds, if not thousands, of MVESCs like this to Missouri consumers as a condition of the sale and/or financing of their vehicles in the last five years.

16. Defendant also unlawfully required Plaintiff to purchase "Gap Insurance" as a condition of the sale and financing of her Fiesta.

17. There is no requirement, legal or otherwise, for consumers to purchase gap policies to insure cars.

18. Nevertheless, Defendant further conditioned Plaintiff's financing and purchase of the Fiesta upon purchase of a Gap Insurance Policy that cost her an additional $676.00.

19. Based on estimated car sales, and on information and belief, Defendant sold hundreds, if not thousands, of Gap Insurance Policies like this to Missouri consumers as a condition of the sale and/or financing of vehicles during the last five years.

## CLASS ALLEGATIONS

20. Plaintiff incorporates paragraphs 1-19 as if fully set forth herein.

21. This action may be brought and maintained as a class action since the Class easily meets the requirements for certification under Missouri Rule of Civil Procedure 52.08.

22. Plaintiff proposes to represent a Class consisting of:

> *All consumers who purchased MVESCs and/or Gap Insurance Policies from Defendant within five years preceding the date of this filing.*

23. This definition expressly excludes: Defendant and/or any entity in which Defendant has a controlling interest; any of the officers, directors, or employees of Republic; the legal representatives, heirs, successors, and assigns of Defendant; any Judge to whom this case is assigned and his or her immediate family; and counsel.

24. <u>Numerosity</u>. On information and belief, the Class consists of hundreds, if not thousands, of individuals. The Class is so large that it would be impractical to bring each member before the Court in this action.

25. <u>Common Questions of Law or Fact</u>. There are several questions of law and fact common to the Class, including, but not limited to:

   a. Whether Defendant's marketing, selling and/or issuance of MVESCs comply with RSMo. §§ 385.200 to 385.220;

   b. Whether Defendant's marketing, selling and/or issuance of MVESCs is a deceptive act or practice in violation of RSMo. §§ 407.020 to 407.025;

   c. Whether Defendant's marketing, selling and/or issuance of Gap Insurance Policies is a deceptive act or practice in violation of RSMo. §§ 407.020 to 407.025;

   d. Whether Class members are entitled to damages; and

   e. Whether an injunction is appropriate to prevent Defendant from unlawfully selling MVESCs and/or Gap Insurance Policies to Missouri consumers.

26. <u>Typicality</u>.  A class action is appropriate because Plaintiff's claims are typical of the claims of the Class in that she purchased a MVESC and Gap Insurance from Defendant in order to purchase her vehicle.

27. <u>Adequacy of Class Representative</u>.  Plaintiff has pledged to protect the interests of the members of the Class and has been fairly chosen to do so.

28. <u>Adequacy of Class Counsel</u>.  Plaintiff's counsel have litigated and certified a substantial number of class action cases, including consumer class actions like this.  In addition, they have litigated hundreds of individual consumer protection cases involving violations of state unfair and deceptive acts and practices (including the Missouri Merchandising Practices Act ("MMPA") based on similar facts and allegations as presented in this matter.

29. A class action is appropriate because the prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct.

30. A class action is appropriate because Plaintiff has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. A class action is appropriate in that questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
On Behalf of Plaintiff and the Class

32. Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

33. Under the MMPA, the term "merchandise" is broadly defined to include "any … services." RSMo. § 407.020(4) (2010).

34. Under the MMPA, the terms "trade" or "commerce" are defined as "the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated. They include any trade or commerce directly or indirectly affecting the people of this state." RSMo. § 407.020(7) (2010).

35. The MMPA provides that any person who purchases merchandise primarily for personal and/or household purposes and thereby suffers an ascertainable loss of money as a result of the use of a prohibited practice is authorized to bring a civil suit for actual damages, punitive damages, attorneys' fees and/or such equitable relief as the court may order. RSMo. § 407.025.1 (2010).

36. The MMPA expressly permits such persons to bring a class action lawsuit as representative of all Class members similarly aggrieved. RSMo. § 407.025.2 (2010).

37. Pursuant to 15 CSR 60-8.020 – **Unfair Practice in General** – an "Unfair Practice is any practice which – (A) either (1) offends any public policy as it has been established by the … statutes or common law of this state or (2) is unethical, oppressive or unscrupulous; and (B) Presents a risk of, or causes, substantial injury to consumers."

38. Pursuant to 15 CSR 60.8.090 – **Illegal Conduct** – "(1) It is an unfair practice for any person in connection with advertisement or sale of merchandise to engage in any method, use or practice which – (A) violates state or federal law intended to protect the public; and (B) Presents a risk of, or causes substantial injury to consumers."

39. Pursuant to 15 CSR 60-9.040 – **Fraud in General** – "(1) Fraud includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained."

40. Plaintiff and the Class purchased MVESCs and/or Gap Insurance as used within the meaning of the MMPA.

41. Defendant violated the MMPA by engaging in deception, fraud, false pretense, false promise, misrepresentation, illegal conduct and/or unfair practice through the following actions:

    a. marketing, selling and/or issuing MVESCs in violation of RSMo. § 385.208(4);

    b. marketing, selling and/or issuing MVESCs in violation of §§ 407.020 and 407.025; and

    c. marketing, selling and/or issuing Gap Insurance Policies in violation of §§ 407.020 and 407.025.

42. Defendant has violated the MMPA and continues to do so.

43. As a result of Defendant violating the MMPA, Plaintiff and other similarly situated Class members sustained an ascertainable loss of money when they paid for unwanted and unnecessary MVESCs and/or Gap Insurance.

44. As such, all contracts written or issued by Defendant to Missouri consumers should be declared void as a matter of law, and all affected consumers (Plaintiff and the Class) should be provided a full refund.

45. Defendant's violations of the MMPA are willful and knowing.

46. Pursuant to § 407.025, Plaintiff and the Class are entitled to recover their actual damages, punitive damages, reasonable attorneys' fees and equitable relief.

47. Defendant's conduct further constituted the act, use and employment of deception, fraud, false pretense, false promise, misrepresentation, unfair practice and the concealment, suppression, and omission(s) of material fact(s) as described at § 407.020 and was, therefore, a violation of the MMPA and its corresponding regulations, including but not limited to, 15 CSR Sections 60-8.010 *et seq*. and 9.010 *et seq.*

48. Defendant's conduct was intentional, wrongful and malicious and entitles Plaintiff to the recovery of punitive damages as authorized by RSMo. § 407.025.1.

WHEREFORE, Plaintiff prays on behalf of herself and all other Class members for: a judgment in her favor against Defendant in such amount as is fair and reasonable; punitive damages; attorneys' fees pursuant to RSMo. § 407.025.2; injunctive relief stopping Defendant from engaging in the aforementioned conduct; costs and expenses; and any other relief the Court deems just and proper.

**COUNT TWO:**
**MONEY HAD AND RECEIVED/UNJUST ENRICHMENT**
On Behalf of Plaintiff and the Class

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50. As a direct and proximate result of Defendant's improper and unlawful marketing and sale of the MVESCs and Gap Insurance prohibited by statute, as stated herein, Plaintiff and all members of the Class paid for financial products and/or services for which they should not have been charged.

51. Plaintiff and the Class conferred a benefit on Defendant by paying for unwanted and unnecessary MVESCs and Gap Insurance Policies to their detriment.

52. Defendant realizes and appreciates the benefit it is receiving.

53. As such, all purchasers of MVESCs and Gap Insurance Policies sold within the state of Missouri (Plaintiff and the Class) should be issued a full refund.

54. Defendant accepted and retained the benefit in violation of Missouri law and under circumstances in which retention without payment would be inequitable.

55. Defendant's failure to comply with the laws of the state of Missouri related to deceptive acts and practices confer an unjust benefit upon it.

WHEREFORE, Plaintiff prays on behalf of herself and all other Class members for: a judgment in her favor against Defendant in such amount as is fair and reasonable; injunctive relief preventing Defendant from continuing to violate RSMo. § 385.208(4); an award of attorneys' fees, costs and expenses; and any other relief as the Court deems just and proper.

### COUNT THREE: EQUITABLE AND DECLARATORY RELIEF
On Behalf of Plaintiff and the Class

56. Plaintiff incorporates paragraphs 1-55 as if fully set forth herein.

57. Defendant is continuing to sell MVESCS and Gap Insurance to Missouri consumers.

58. Plaintiff is entitled to declaratory and equitable relief in the form of an injunction pursuant to both RSMo. § 407.025.1 and the Court's inherent equitable powers to prevent Defendant from continuing to engage in illegal conduct and unfair practices.

WHEREFORE, Plaintiff prays on behalf of herself and all other Class members for: a judgment in their favor against Defendant in such amount as is fair and reasonable; equitable relief enjoining Defendant from continuing to violate the MMPA and RSMo. § 385.208(4); an award of attorneys' fees, costs and expenses under the MMPA; and any other relief this Court deems just and proper.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

*/s/ Jack McInnes*
Jack D. McInnes, MO #56904
**MCINNES LAW LLC**
1900 West 75th Street, Suite 120
Prairie Village, KS 66208
(913) 220-2488
(913) 273-1671 FAX
jack@mcinnes-law.com

and

A. Scott Waddell, MO #53900
**Waddell Law Firm LLC**
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-914-5365
F: 816-817-8500
scott@aswlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Greene - October 18, 2018 - 03:21 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| JACQUELINE WILSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. _____ |
| | ) |
| REPUBLIC FORD, INC, | )   Division __ |
| Serve: Robert D. Biene, registered agent | ) |
| 1740 U.S. Highway 60 E | ) |
| P.O. Box 700 | ) |
| Republic, Missouri 65738 | ) |
| | ) |
|    Defendant. | ) |

### MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

COMES NOW Jacqueline Wilson and requests an order appointing **HPS Process Service & Investigations, Inc. and/or its Agents** as Special Process Server(s) per Supreme Court Rule 54.03 and Greene County Local Rule 4.9 to serve the **Petition and Summons** on Defendant Republic Ford, Inc.

Respectfully submitted,

*/s/ Jack McInnes*
Jack D. McInnes, MO #56904
**MCINNES LAW LLC**
1900 West 75th Street, Suite 120
Prairie Village, KS 66208
(913) 220-2488
(913) 273-1671 FAX
jack@mcinnes-law.com

A. Scott Waddell, MO #53900
**Waddell Law Firm LLC**
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-914-5365
F: 816-817-8500
scott@aswlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

# ORDER APPOINTING SPECIAL PROCESS SERVER

For good cause shown, as stated in Plaintiff's/Petitioner's Motion, it is ordered that **HPS Process Service & Investigations, Inc. and/or its Agents** are appointed Special Process Server(s) to serve **Petition and Summons** on Defendant Ford Republic, Inc. in this cause.

GREENE COUNTY CIRCUIT CLERK

_____  _____

Date  By Deputy Clerk

Electronically Filed - Greene - October 18, 2018 - 03:21 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| JACQUELINE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| REPUBLIC FORD, INC, | ) Division __ |
| Serve: Robert D. Biene, registered agent | ) |
| 1740 U.S. Highway 60 E | ) |
| P.O. Box 700 | ) |
| Republic, Missouri 65738 | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER**

COMES NOW Jacqueline Wilson and requests an order appointing **HPS Process Service & Investigations, Inc. and/or its Agents** as Special Process Server(s) per Supreme Court Rule 54.03 and Greene County Local Rule 4.9 to serve the **Petition and Summons** on Defendant Republic Ford, Inc.

Respectfully submitted,

*/s/ Jack McInnes*
Jack D. McInnes, MO #56904
**MCINNES LAW LLC**
1900 West 75th Street, Suite 120
Prairie Village, KS 66208
(913) 220-2488
(913) 273-1671 FAX
jack@mcinnes-law.com

A. Scott Waddell, MO #53900
**Waddell Law Firm LLC**
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-914-5365
F: 816-817-8500
scott@aswlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## ORDER APPOINTING SPECIAL PROCESS SERVER

For good cause shown, as stated in Plaintiff's/Petitioner's Motion, it is ordered that **HPS Process Service & Investigations, Inc. and/or its Agents** are appointed Special Process Server(s) to serve **Petition and Summons** on Defendant Ford Republic, Inc. in this cause.

GREENE COUNTY CIRCUIT CLERK

**October 19, 2018**                    /s/Thomas R. Barr by KJ
Date                                           (Circuit Clerk)



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 1831-CC01391 |
|---|---|
| Plaintiff/Petitioner:<br>JACQUELINE WILSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACK DUNCAN MCINNES V<br>SUITE 200<br>460 NICHOLS ROAD<br>KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br> REPUBLIC FORD INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO  65802 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** REPUBLIC FORD INC
**Alias:**

R/A ROBERT D BIENE
1740 US HWY 60 E
REPUBLIC, MO  65738

*COURT SEAL OF*

*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____10/19/18_____     _____/s/Thomas R. Barr by KJ_____
              Date                                                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
   Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____    _____
                                           Date                                   Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $____10.00_____
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**            $_____
A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 18-SMCC-2517**    1 of 1           Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 6:18-cv-03387-BP   Document 1-2   Filed 11/23/18   Page 15 of 17

# AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Greene**  **Circuit Court**

Case Number: 1831-CC01391

Plaintiff/Petitioner:
**JACQUELINE WILSON**

vs.

Defendant/Respondent:
**REPUBLIC FORD, INC.**

Received by HPS Process Service & Investigations to be served on **Republic Ford, Inc., 1740 US Highwy 60 East, Republic, MO 65738**.

I, BRADLEY VOTAW, being duly sworn, depose and say that on the **24th day of October, 2018** at **5:00 pm, I:**

Served the within named with a true copy of the **Summons in Civil Case; and Plaintiff's Class Action Petition** by leaving with Alex Paulson, Finance Manager at **1740 US Highwy 60 East, Republic, MO 65738.**

I am over the age of eighteen, and have no interest in the above action.

KAYLEE M ALVARADO
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
Commission Expires Jan. 12, 2020
Commission #16791419

Subscribed and Sworn to before me on the __1__ day of __November__, __18__ by the affiant who is personally known to me.

NOTARY PUBLIC

**BRADLEY VOTAW**
Process Server

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2018018798

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h

Case 6:18-cv-03387-BP   Document 1-2   Filed 11/23/18   Page 16 of 17

Scanned with CamScanner

Electronically Filed - Greene - November 05, 2018 - 08:04 AM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   ASHLEY SCOTT WADDELL, Co-Counsel (Other)
SERVICE EMAIL:   scott@aswlawfirm.com